UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ETIENNE L CHOQUETTE,

                    Petitioner,

      v.

HOLBROOK,

                    Respondent.

CASE NO. 3:15-CV-05839-RBL-JRC

ORDER DENYING MOTION TO
APPOINT COUNSEL

The District Court referred this petition for a writ of habeas corpus to United States

Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and local

Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction pursuant

to 28 U.S.C. § 2254.

      Before the Court is petitioner's second motion to appoint counsel. Dkt. 23.  Respondent

opposes plaintiff's motion. Dkt. 24.

      There is no constitutional right to appointment of counsel in habeas petitions because

they are civil, not criminal, in nature. *See Terrovona v. Kincheloe*, 912 F.3d 1176, 1181 (9th Cir.

1990).  And although the Court must appoint counsel if an evidentiary hearing is warranted, Rule

8(c) of the Rules Governing Section 2254 Cases, petitioner has not established good cause for such a hearing in this case.

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1), but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

Here, petitioner has failed to establish that exceptional circumstances warrant the appointment of counsel at this time. Petitioner states that he only has a high school education and no experience with the law or legal system. Dkt. 23 at 1. Plaintiff states that he does not have the ability to investigate his case or perform depositions and there are facts that require more research. *Id.* Plaintiff also includes his prison trust account statement. *Id.* at 5.

However, petitioner does not demonstrate that he is likely to succeed on the merits of his habeas claim. Likewise, petitioner has made numerous arguments to the Court that suggest he is able to articulate his claims *pro se*. Accordingly, petitioner's motion to appoint counsel is denied. Dkt. 23.

Dated this 23rd day of May, 2016.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT
COUNSEL - 2